**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

Karleo Sr. and Kimberly McKenzie., individually
and as parents of K.M., a child with a disability,

         *Plaintiffs*                      **COMPLAINT**

      -against-                        **CASE NO.**

Richmond Heights Local School District Board
Of Education,

         *Defendant.*

Karleo McKenzie Sr. and Kimberly McKenzie, individually and as parents of K.M, a minor child with a disability, by and through their attorney, Law Office of Michelle K. McGuire, for her complaint hereby alleges:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. *§* 1415(i)(3). Plaintiffs as the prevailing party, seek an award of fees as authorized under the IDEA.  Plaintiffs also seek an order affirming and enforcing the Decision of the Impartial Hearing Officer.

2. Plaintiffs Karleo Sr. and Kimberly McKenzie reside in the County of Cuyahoga, State of Ohio.

3. Plaintiff K.M. is a child with a disability as defined by IDEA, 20 U.S.C. *§* 1401(3)(A).

4. Plaintiffs Karleo Sr. and Kimberly McKenzie are the parents of K.M. as defined by IDEA, 20 U.S.C. *§* 1401(23).

5. Defendant, Richmond Heights Local School District Board of Education, is a local educational agency as defined by IDEA, 20 U.S.C. *§* 1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. *§*1400 *et seq.,* and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

6. Jurisdiction is predicated upon 28 U.S.C. *§* 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States,

and upon the fee-shifting provisions of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the District Courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy and Ohio Revised Code, Chapter 3323.

7. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND

8. K.M was born on 11/25/2003 and has been diagnosed with autism and cognitive impairment.

9. K.M. was found eligible for special education services as a student under the category of multiple handicapped due to his diagnosis of autism and cognitive disability during his kindergarten school year within the Richmond Heights Local School District (2009-2010 school year). K.M. was provided special education services through an individualized education plan (IEP) during the 2009-2010 school year and has remained eligible for special education services since that time.

10. By Request dated October 26, 2015, the Parents requested an impartial due process hearing, alleging a denial of a free and appropriate public education for the 2014-2015 and 2015-2016 school years, inclusive of the 2015 summer. The hearing request further sought reimbursement for the costs and tuition of enrolling K.M. at Monarch School.

11. The Ohio Department of Education appointed Anne Piero Silagy as impartial hearing officer (IHO).

12. A disclosure conference was held on January 12, 2016 and a full hearing was held on January 25, 26, February 1, 3, 4, and 12, 2016.

13. IHO Silagy issued her decision on March 14, 2016 (attached hereto as Exhibit 1), finding that the Parents proved by a preponderance of the evidence that the Richmond Heights Local School District denied K.M. education for the 2014-2015 and 2015-2016 school years; The Richmond Heights School District's 2014-2015 IEP did not confer meaningful educational benefit to K.M; The Richmond Local School District's 2015-2016 IEP is not designed to provide a K.M. meaningful educational benefit and denies him a free and appropriate education;

14. IHO Silagy further concluded that while the Monarch Center for Autism may not be the least restrictive environment for K.M., in light of the denial of FAPE, the Parents were entitled to withdraw him at the Monarch Center for Autism and place him at the Monarch Center for Autism; The Monarch Center for Autism is an appropriate placement K.M. for the 2015-2016 school year.

## FIRST CAUSE OF ACTION

15. Plaintiffs repeat and reallege paragraphs 1 through 15 as if more fully set forth herein.

16. Plaintiff Parents initiated an impartial hearing on behalf of K.M.

17. The Plaintiffs prevailed at the impartial hearing by a finding of a denial of FAPE to K.M. for the 2014-2015 and 2015-2016 schools year, and obtaining a finding that Monarch School was an appropriate Placement.

18. Plaintiffs having prevailed in the underlying proceedings hereby demand reasonable attorneys' fees and costs, with interest, pursuant to 20 U.S.C. § 1415(i)(3).

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Award to the Plaintiffs costs, expenses and attorneys' fees for the administrative proceedings, with interest, pursuant to 20 U.S.C. § 1415;

(3) Award to the Plaintiffs the costs, expenses and attorneys' fees of this action, with interest, pursuant to 20 U.S.C. § 1415; and

(4) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_/s/ Michelle K. McGuire_____
Michelle K. McGuire 0076553
PO Box 81804
Cleveland, Ohio 44181
Phone: (440) 396-7844
Fax: (440) 398-0537
Michelle.attorney@gmail.com
*Attorney for Plaintiffs*